**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4450**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARK LEE SHUMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CR-04-25)

Submitted: January 11, 2006          Decided: January 27, 2006

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Lee Shuman appeals the 180-month sentence imposed after he pleaded guilty to one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g), 924 (2000). The district court concluded that Shuman qualified for sentencing as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2000), and sentenced him to the mandatory minimum term of imprisonment.

On appeal, Shuman asserts that his sentence violates the Supreme Court's holding in United States v. Booker, 543 U.S. 220 (2005), because his sentence was enhanced based upon facts, his qualifying prior convictions, that were not alleged in the indictment, admitted by him, or found by a jury beyond a reasonable doubt. Shuman does not assert that his prior convictions are not valid predicates for sentencing as an armed career criminal, but states only a legal challenge to his sentence. Shuman acknowledges that his argument is foreclosed by existing Supreme Court precedent on prior convictions and this court's decision in United States v. Cheek, 415 F.3d 349 (4th Cir. 2005). He asserts, however, that the prior conviction exception will eventually be overruled, based on Justice Thomas's concurrence in United States v. Shepard, 125 S. Ct. 1254 (2005).

- 2 -

In <u>Cheek</u>, we considered and rejected an argument identical to Shuman's contentions on appeal. We concluded:

> It is thus clear that the Supreme Court continues to hold that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt. Even were we to agree with Cheek's prognostication that it is only a matter of time before the Supreme Court overrules <u>Almendarez-Torres</u>, we are not free to overrule or ignore the Supreme Court's precedents.

<u>Cheek</u>, 415 F.3d at 352-53.

We therefore affirm Shuman's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>